CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED for Rh

OCT 25 2010

JULIA C. DUDLEY, CLERK
BY: HMcDonald
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | | |
|---|---|---|
| JONATHAN CRAIG, | ) | Civil Action No. 7:10-cv-00199 |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| WARDEN BRYAN B. WATSON, <u>et al.</u>, | ) | By: Hon. Jackson L. Kiser |
| **Defendants.** | ) | Senior United States District Judge |

Johnathan Craig, a Virginia prisoner proceeding <u>pro se</u>, filed a civil rights complaint,

pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Plaintiff names

Bryan Watson, Warden of the Wallens Ridge State Prison ("WARSP"), and Correctional Officer

("C/O") Fritz as the defendants. Plaintiff alleges he was not given one dinner meal. After

reviewing plaintiff's submissions, I dismiss the complaint without prejudice as frivolous,

pursuant to 28 U.S.C. § 1915A(b)(1).

I.

Plaintiff alleges the following facts in his verified complaint. While in segregation on

October 31, 2009, C/O Fritz handed out dinner trays at each cell. However, Fritz did not give

plaintiff his tray because he believed petitioner still had a lunch tray in his cell, in violation of

prison regulations.[1] Fritz returned after a few minutes and took plaintiff's lunch tray and the

other inmates' dinner trays. Plaintiff asked Fritz where his dinner tray was, and Fritz told

plaintiff that plaintiff would not get a dinner tray because plaintiff did not turn in his lunch tray.

Plaintiff filed grievances, which Watson deemed founded without ordering any corrective action,

---

[1] In a previous complaint, plaintiff alleged that Fritz asked plaintiff if plaintiff still had his lunch tray inside his cell. Plaintiff said yes, and Fritz did not give plaintiff his tray but gave other prisoners their meals. Plaintiff kept the tray in his cell because it was missing items the previous feeding officer did not give him. <u>Craig v. Watson, et al.</u>, No. 7:09-cv-521, slip op. at 1-2 (W.D. Va. Jan. 19, 2010).

and the regional director affirmed Watson's decision. Plaintiff requests $25,000.00 and his immediate release from custody.

II.

I must dismiss any action or claim filed by an inmate if I determine that the action or claim is frivolous or fails to state a claim on which relief can be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting the plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions . . . ." Id. Therefore, the plaintiff must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003). Although I liberally construe pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), I do not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). See also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that district courts are not expected to assume the role of advocate for the pro se

plaintiff).

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Plaintiff's denial of a single meal on one occasion fails to state a constitutional claim for relief. See Rodriguez v. Briley, 403 F.3d 952, 952 (7th Cir. 2005) (holding a prisoner's refusal to conform to prison rules resulting in a loss of meals does not reach the level of a constitutional violation because in essence, the prisoner, "punished himself"); Palmer v. Johnson, 193 F.3d 346, 352 (5th Cir. 1999) (holding that a prisoner missing a meal is not cruel and unusual punishment). Plaintiff does not allege that he suffered any injury, de minimis or otherwise, from having missed a meal. The Eighth Amendment establishes "only qualified standards of protection for prisoners and pretrial detainees against 'cruel and unusual punishment' . . . ." Riley v. Dorton, 115 F.3d 1159, 1167 (4th Cir. 1997). Thus, while the Constitution protects prisoners from cruel and unusual living conditions, an inmate is not entitled to relief because he has been exposed to uncomfortable, restrictive, or inconvenient conditions of confinement. See Henderson v. Virginia, 2007 U.S. Dist. LEXIS 70207 at *26, 2007 WL 2781722, (W.D. Va. Sept. 21, 2007) (unpublished). Rather, "[t]o the extent that such conditions are restrictive or even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Similarly, a plaintiff is not entitled to any relief on this claim if he fails to allege any facts to suggest that he was exposed to an unreasonable risk of harm by virtue of the defendant's conduct. See Farmer v. Brennan, 511 U.S. 825, 835 (1994). Plaintiff does not allege any such risk of harm on the basis of merely

missing a single meal. Accordingly, I dismiss the complaint without prejudice as frivolous for pursuing an indisputably meritless legal theory. See White v. Gregory, 1 F.3d 267, 269 (4th Cir. 1993) (affirming dismissal of Eighth Amendment claim about missing one meal as frivolous and indisputably meritless).

III.

For the foregoing reasons, I dismiss the complaint without prejudice as frivolous.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

**ENTER**: This 25th day of October, 2010.

Senior United States District Judge